IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM MATTHEW FAILES,

    **Plaintiff,**

    v.                                                     CASE NO.  22-3014-SAC

JAY SIMECKA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff William Matthew Failes is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff is detained at the Lyon County Jail in Emporia, Kansas.

Plaintiff alleges in Count I of his Complaint that he is mentally disabled and began taking psychotropic medication for his mental health in 2005.  Plaintiff was arrested in Morris County around July 22, 2021.  He was "farmed out" to Chase County and then moved to Lyon County.

Plaintiff alleges that his mental health has been neglected because he has been denied his prescribed medication.  Plaintiff alleges that while farmed out to the Chase County Jail he was informed that he would be returned to his judicial authority for medical care.  Plaintiff alleges that while at the Morris County Jail he sought medical requests through the kiosk and received

1

an application for psych counseling on September 20, 2021—almost sixty days later. Plaintiff alleges that he was expected to falsify his application because it was already marked indicating that he was uninsured even though he has Medicaid. Plaintiff alleges that he asked for an application that had not already been filled out.

Plaintiff states that the issue of his medication was raised in his criminal case and the judge directed the jail to provide him with his needed medication. Plaintiff alleges that on November 11, 2022, he was transported to the Chase County Jail to see Dr. Siegal, but his medication was not administered. On November 30, 2022, Plaintiff was transferred to the Lyon County Jail, causing him to miss his follow up appointment on December 2, 2021. His appointment was rescheduled for December 9, 2021. He was seen by Dr. Siegal on December 9 and again on January 10, 2022, when he finally received a prescription for a depressant, but none of his other medications.

As Count II, Plaintiff alleges that his bond is excessive and unreasonable in light of his high presumption of innocence.

Plaintiff names as defendants:  Jay Simecka, Morris County Sheriff; and Jeff Cope, Lyon County Sheriff.   Plaintiff seeks compensatory and punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New*

*Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

**1. Excessive Bond**

To the extent Plaintiff seeks to modify his bond in his criminal case, the Court would be prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger

abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Here, the first condition is met because Plaintiff's state criminal proceedings are pending. The second condition for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights). Plaintiff's claim of excessive bail is insufficient to trigger any of the *Younger* exceptions.

If this claim is construed as a petition for habeas corpus, Plaintiff fares no better. A prisoner proceeding pretrial under 28 U.S.C. § 2241 must first exhaust available state court remedies. Likewise, the *Younger* doctrine prevents a court proceeding in habeas from intervening in a pending state court criminal matter unless exceptional circumstances are present.

In *Arter v. Gentry*, the Tenth Circuit upheld a district court decision construing a pretrial detainee's claim of excessive bail as a claim under § 2241 and denying habeas relief for failure to exhaust state court remedies and noting that the *Younger* abstention doctrine, "compels us to avoid interference in ongoing state proceedings when the state courts provide an adequate forum to present any federal constitutional challenges." *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (unpublished). And in *Tucker v. Reeve*, a state pretrial detainee challenged his pretrial detention, alleging state officials set excessive bond, denied him a speedy trial, and engaged in illegal searches and seizures. *Tucker v. Reeve*, 601 F. App'x 760 (10th Cir. 2015) (unpublished). The Tenth Circuit upheld the district court's application of the *Younger* abstention doctrine. *Id.* at 760–61; *see also Albright v. Raemisch*, 601 F. App'x 656, 659–60 (10th Cir. 2015) (unpublished) (dismissing § 2241 petition challenging, inter alia, violation of rights against excessive bond, for failure to exhaust state court remedies). Plaintiff should show good cause why this claim should not be dismissed.

**2. Medical Care**

Plaintiff names two sheriffs as defendants but fails to allege how either sheriff was responsible for the denial of his medication. Plaintiff has failed to allege how any defendant personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged

6

constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights. The Court will grant Plaintiff an opportunity to file an amended complaint to name the proper defendants and to show personal participation by each defendant.

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV. Motion to Appoint Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 5), stating that he is unable to obtain counsel from his isolation cell at the Lyon County Jail and setting forth the attorneys he has contacted in an attempt to obtain counsel.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision

whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (22-3014-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint,

Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 7, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 7, 2022,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 8, 2022, in Topeka, Kansas.**

>   <u>s/ Sam A. Crow</u>
>   **Sam A. Crow**
>   **U.S. Senior District Judge**

---

where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.