IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM MATTHEW FAILES,

    **Plaintiff,**

    v.                                                  CASE NO. 22-3014-SAC

JAY SIMECKA, et al.,

    **Defendants.**

## ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is currently detained at the Chase County Jail in Cottonwood Falls, Kansas. On February 8, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff the opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court on Plaintiff's motion for extension of time (Doc. 14).

Plaintiff seeks an extension of time to submit an amended complaint. Plaintiff alleges that he has been moved to several different facilities, and he does not have a copy of the Court's MOSC. The Court will grant Plaintiff's motion and will direct the Clerk to send Plaintiff a copy of the MOSC. Plaintiff has also submitted multiple letters to the Clerk. The Court notes that the Clerk is unable to give Plaintiff legal advice or to assist Plaintiff with his claims.

To the extent Plaintiff asserts new claims in his letters, the Court cautions Plaintiff that any claims he intends to assert must be included in his amended complaint. Plaintiff must follow Rules 18 and 20 as set forth below, and Plaintiff must exhaust his administrative remedies for all claims prior to asserting them.

1

Plaintiff must submit his amended complaint upon court-approved forms.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (22-3014-SAC) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff must also follow Rules 20 and 18 of the Federal Rules of Civil Procedure when filing an amended complaint.  Rule 20 governs permissive joinder of parties and pertinently provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules

2

do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act. *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately). In any amended complaint, Plaintiff should set forth the

transaction(s) or occurrence(s) which he intends to pursue in accordance with Rules 18 and 20, and limit his facts and allegations to properly-joined defendants and occurrences. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that a question of law or fact common to all defendants will arise in this action.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed in the MOSC, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for extension of time (Doc. 14) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 28, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated in the Court's MOSC at Doc. 9.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 28, 2022,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed in the Court's MOSC at Doc. 9.

The clerk is directed to send Plaintiff § 1983 forms and instructions and a copy of the Court's MOSC at Doc. 9.

**IT IS SO ORDERED**.

**Dated February 23, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge

4