IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM MATTHEW FAILES,

    **Plaintiff,**

    v.                                           CASE NO. 22-3014-SAC

JAY SIMECKA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently detained at the Morris County Jail in Council Grove, Kansas, his claims arose during his detention at the Lyon County Jail in Emporia, Kansas ("LCJ"). On February 8, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC") granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 22). The Court's screening standards are set forth in the Court's MOSC.

**I. Nature of the Matter Before the Court**

Plaintiff alleges in Count I of his Amended Complaint that he was denied his prescribed mental health medication while at the LCJ from November 30, 2021, until he was transferred on February 9, 2022. Plaintiff claims that he was denied his prescribed medication because Dr. Miller and the LCJ have a policy to disallow medication that is considered a sleep aid, even though Plaintiff was not prescribed the medication for sleep. Plaintiff claims that Dr. Miller and Nurse Herrea failed to administer his prescribed medication.

1

Plaintiff also alleges that on February 4, 2022, he was assaulted with excessive force by Officer Espinoza while being escorted to his cell at the LCJ. Plaintiff alleges that he was weak due to being Covid-positive, and was in quarantine at the LCJ. As Plaintiff was walking to his medical cell, CO Espinoza told Plaintiff not to talk to Nurse Herrea. Espinoza then ran toward Plaintiff, forcefully gripping Plaintiff's elbow and guiding Plaintiff toward his cell. As Plaintiff was entering the cell, Espinoza shoved Plaintiff "with great authority" into a downward spiral. Plaintiff was weak and sick with Covid, and the force caused him to hit the bed, toilet and floor of his medical cell. Plaintiff's injuries were documented by Nurse Herrea, but he did not receive medical care for his injuries. Plaintiff alleges that he was interviewed regarding the incident, but the Police Report No. 22-0239, Plaintiff's affidavit, the video of the incident, and Plaintiff's desire to press charges, were never forwarded to the district attorney. After Plaintiff was transferred to a different facility, Defendants Stump, Whitney, and Cope would not take Plaintiff's phone calls regarding the incident.

Plaintiff alleges due process violations and cruel and unusual punishment. Plaintiff names as Defendants: Jeff Cope, Lyon County Sheriff; Lue Miller, LCJ Doctor; Lyon County Sheriff's Department; (fnu) Herrea, LCJ Nurse; (fnu) Whitney, LCJ Captain; (fnu) Espinoza, CO at LCJ; and (fnu) Stump, LCJ Sergeant.

## II. Discussion

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional

dimension." *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

The Supreme Court has insisted upon actual knowledge to satisfy the subjective component: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted). Claims of mistreatment while in state pretrial confinement are not covered by the Fourth Amendment or the Eighth Amendment. *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). They are assessed under the Fourteenth Amendment. *Id*.

The Court held in *Kingsley* held that "the appropriate standard for a pretrial detainee's excessive[-]force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015); *see also Colbruno*, 928 F.3d at 1163 ("[T]here is no subjective element of an excessive-force claim brought by a pretrial detainee.").

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the LCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the LCJ to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**III. Motions**

Plaintiff has filed a Motion to Appoint Counsel (Doc. 20), stating that he is indigent, there is merit to his claims, and he lacks resources to investigate the facts and present his claims. The Court previously denied Plaintiff's request for appointment of counsel and denies the current request for the same reasons set forth in the prior order. *See* Doc. 9, at 7–8. Plaintiff will receive a copy of the *Martinez* Report in this case. The request for appointment of counsel is denied without prejudice to reconsidering the request at a later stage of the proceedings.

Plaintiff has also filed a Motion to Subpoena (Doc. 21) seeking to obtain a copy of Police Report No. 22-0239. Because the Court is ordering a *Martinez* Report that will include all

reports related to the alleged excessive force incident, the Court denies the motion without prejudice to reconsidering the motion if the report is not included in the *Martinez* Report.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Appoint Counsel (Doc. 20) and Motion to Subpoena (Doc. 21) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that**:**

(1)  Officials responsible for the operation of the LCJ are directed to undertake a review of the subject matter of the Amended Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the Amended Complaint and should be considered together.

(2)  Upon completion of the review, a written report shall be compiled which shall be filed with the Court by **April 25, 2022,** and served on Plaintiff.  The LCJ officials must seek leave of the Court in order to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(3)  Authorization is granted to the officials of the LCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(4)  No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(5)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Amended Complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Lyon County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, the Sheriff may move for termination from this action as interested party.

Copies of this order shall be transmitted to Plaintiff, to the Lyon County Sheriff, and to the Lyon County Attorney.

**IT IS SO ORDERED**.

**Dated March 24, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**