IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM MATTHEW FAILES,

      **Plaintiff,**

      v.                                 CASE NO. 22-3014-SAC

JAY SIMECKA, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently detained at the Shawnee County Jail in Topeka, Kansas, his claims arose during his detention at the Lyon County Jail in Emporia, Kansas ("LCJ"). On May 19, 2022, the Court screened Plaintiff's Amended Complaint after the submission of a *Martinez* Report. The Court entered a Memorandum and Order to Show Cause (Doc. 40) ("MOSC") granting Plaintiff an opportunity to respond to the *Martinez* Report and to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 43).

## I. Nature of the Matter Before the Court

Plaintiff alleges in Count I of his Amended Complaint that he was denied his prescribed mental health medication while at the LCJ from November 30, 2021, until he was transferred on February 9, 2022. Plaintiff claims that he was denied his prescribed medication because Dr. Miller and the LCJ have a policy to disallow medication that is considered a sleep aid, even though Plaintiff was not prescribed the medication for sleep. Plaintiff claims that Dr. Miller and Nurse Herrea failed to administer his prescribed medication.

Plaintiff also alleges that on February 4, 2022, he was assaulted with excessive force by Officer Espinoza while being escorted to his cell at the LCJ. Plaintiff alleges that he was weak due to being Covid-positive, and was in quarantine at the LCJ. Plaintiff alleges that as he was walking to his medical cell, CO Espinoza told Plaintiff not to talk to Nurse Herrea. Plaintiff claims that Espinoza then ran toward Plaintiff, forcefully gripping Plaintiff's elbow and guiding Plaintiff toward his cell. Plaintiff claims that as Plaintiff was entering the cell, Espinoza shoved Plaintiff "with great authority" into a downward spiral. Plaintiff claims he was weak and sick with Covid, and the force caused him to hit the bed, toilet and floor of his medical cell. Plaintiff claims his injuries were documented by Nurse Herrea, but he did not receive medical care for his injuries.

Plaintiff alleges that he was interviewed regarding the incident, but the Police Report No. 22-0239, Plaintiff's affidavit, the video of the incident, and Plaintiff's desire to press charges, were never forwarded to the district attorney. After Plaintiff was transferred to a different facility, Defendants Stump, Whitney, and Cope would not take Plaintiff's phone calls regarding the incident.

Plaintiff alleges due process violations and cruel and unusual punishment. Plaintiff names as Defendants: Jeff Cope, Lyon County Sheriff; Lue Miller, LCJ Doctor; Lyon County Sheriff's Department; (fnu) Herrea, LCJ Nurse; (fnu) Whitney, LCJ Captain; (fnu) Espinoza, CO at LCJ; and (fnu) Stump, LCJ Sergeant.

## II. Discussion

### 1. Excessive Force

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the

challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted). Claims of mistreatment while in state pretrial confinement are not covered by the Fourth Amendment or the Eighth Amendment. *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). They are assessed under the Fourteenth Amendment. *Id*.

The Court held in *Kingsley* held that "the appropriate standard for a pretrial detainee's excessive[-]force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473–74, 192 L. Ed. 2d 416 (2015); *see also Colbruno*, 928 F.3d at 1163 ("[T]here is no subjective element of an excessive-force claim brought by a pretrial detainee.").

The Court set forth the findings from the *Martinez* Report in detail in the MOSC. Regarding Plaintiff's excessive force claim, the Court found in the MOSC as follows:

> The Court reviewed the videos of the incident, which captured the interaction in the hallway as well as inside Plaintiff's cell. The videos show that Espinosa pushed Plaintiff straight into his cell, not in a "downward spiral" as alleged. After the shove, Plaintiff was on his feet and took a few steps before crumpling to the floor, placing one foot upon the bed. Plaintiff appears to make no other contact with the bed or toilet. Plaintiff then rolls over and deliberately places himself face down on the middle of his cell floor. Plaintiff then kicks off his shoe and takes his glasses off and places them next to his head. Later he pushes his glasses even further away from his head. At some point he gets up, apparently to push the call button, and then places himself back in his face-down position on his cell floor. The video also shows medical arriving in his cell to evaluate him.
> Plaintiff's complaint with the Sheriff's Office was investigated, which included a review of these same videos. Based on the review, it was determined that Plaintiff did not report the information truthfully and that he had made a false police report.

> Because Plaintiff was transferred back to the Morris County Jail from the LCJ, no charges were filed against Plaintiff. *See* Doc. 34, at 5–7.
>
> In light of the *Martinez* Report and on further review of the Amended Complaint, the Court is considering dismissal of this matter for failure to state a claim on which relief can be granted. Plaintiff has not alleged a sufficiently serious medical need and he has failed to show that any defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that they also drew the inference. Plaintiff has also failed to meet the objective standard for an excessive force claim. Plaintiff will be given an opportunity to respond to the *Martinez* Report and to show good cause why dismissal should not be entered. Failure to respond by the Court's deadline may result in dismissal of this action without further notice.

(Doc. 40, at 6–7.)

Plaintiff fails to address his excessive force claim in his response and has failed to show good cause why this claim should not be dismissed for the reasons set forth in the MOSC. Plaintiff's excessive force claim is dismissed for failure to state a claim.

**2. Deliberate Indifference**

Plaintiff alleges that Defendants' failure to provide him with his medication constituted cruel and unusual punishment. The Court set forth the findings from the *Martinez* Report in detail in the MOSC. The Report shows that Plaintiff received his previously-prescribed medication—Lexapro for depression and Lisinopril for high blood pressure—when he was booked into the LCJ on November 30, 2021, and continued to receive that medication until December 1, 2021, when Plaintiff requested that the LCJ discontinue the Lexapro and decrease the dosage of the Lisinopril. Both requests were approved.

At Plaintiff's appointment with an outside provider in early December 2021, Plaintiff was prescribed Trazadone, which is also used to treat depression, but often prescribed as a sleep aid and Cyclobenzaprine, which is a muscle relaxant. Neither of these medications are approved for

4

use at the LCJ because of previous experience with prisoners either misusing the medications or bartering them for use by other prisoners without the knowledge of the medical staff.  With regard to Plaintiff's complaints of muscle pain, he was provided directions for muscle relaxing exercises and hot compress. On occasion, Plaintiff was prescribed Tylenol. Because Plaintiff refused to take the prescribed Lexapro, the medical facility substituted Fluoxetine, which is also an anti-depressant. Beginning on or about January 10, 2022, Fluoxetine was administered on a daily basis until on or about January 23, 2022 when Plaintiff reported that he did not want to take it any longer. Plaintiff's approved medication continued until his transfer out of the LCJ.

In his Response, Plaintiff does not dispute the findings in the Report, but reasserts his claim that Defendants failed to give him the medication prescribed by his outside provider. (Doc. 43.)

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies).  To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted).  The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

The Supreme Court has insisted upon actual knowledge to satisfy the subjective component: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper medication. A complaint alleging that plaintiff was not given plaintiff's desired medication, but was instead given other medications, "amounts to merely a disagreement with [the doctor's] medical judgment concerning the most appropriate treatment." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain medication rather than others); *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (unpublished) (where appropriate non-narcotic medication was offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration, a constitutional violation was not established even though plaintiff disagreed with the treatment decisions made by prison staff); *Carter v. Troutt*, 175 F. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication where he prescribed other medications for the inmate who missed follow-up appointment for treatment and refused to be examined unless he was

prescribed the pain medication he wanted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation."). Plaintiff has failed to show that any defendant was deliberately indifferent regarding his medication and his medical claims are dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 13, 2022, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
